# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**ROBERT E. WILLIAMS,**

    Plaintiff,

    v.

**Civil Action 2:20-cv-463**
**Judge George C. Smith**
**Magistrate Judge Chelsey M. Vascura**

**THE OHIO STATE UNIVERSITY**
**OFFICE OF STUDENT LIFE,**

    Defendant.

## ORDER and REPORT AND RECOMMENDATION

Plaintiff, Robert E. Williams, an Ohio resident who is proceeding without the assistance of counsel, brings this employment discrimination action against Defendant, The Ohio State University Office of Student Life. Plaintiff's request to proceed *in forma pauperis* is **GRANTED**. (ECF No. 1.) All judicial officers who render services in this action shall do so as if the costs had been prepaid. 28 U.S.C. § 1915(a). This matter before the Court for the initial screen of Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2) to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Having performed the initial screen, for the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's Complaint.

**I.**

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e), which provides in pertinent part as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
>     \*        \*        \*
>
>   (B) the action or appeal--
>
>     (i) is frivolous or malicious;
>
>     (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

Further, to properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual

demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank* , 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cty. Sheriff's Dep't*, 374 F. App'x 612, 614 (6th Cir. 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

## II.

According to the Complaint, during his employment with Defendant, Plaintiff was charged with three rules infractions, each of which prompted Defendant to hold "Corrective

3

Action Hearings." (Pl.'s Compl., ECF No. 1-4 at PAGEID # 12.) Plaintiff alleges that the first Corrective Action Hearing took place in September 2018, after his supervisors charged him with "being out of [his] assigned area." (*Id*. at PAGEID # 13.) According to Plaintiff, the individuals presiding over this first Corrective Action Hearing failed to sufficiently investigate why he was outside of his assigned area and that if they had, "they would soon discover there was no infraction of the rules at all." (*Id*.) Plaintiff asserts that instead, the "presumptions" made "were based on [his] race, age, color, religion [and] health conditions." (*Id*.)

Plaintiff alleges that the second Corrective Action Hearing took place in November 2018, after he was charged with "insubordination [and] negligence of duty." (*Id*.) Plaintiff maintains that the charge arose because "management from [the] maintenance [department] . . . was spying on [him and] forwarded [information] to [his] supervisors." (*Id*.) Plaintiff alleges that "[t]hey . . . moved with the same kind of bias [and] prejudice as the first time." (*Id*.) He further alleges that he "won [his] case" with respect to the charges that were the subject of the second Corrective Action hearing. (*Id*.)

Plaintiff alleges that the final Corrective Action Hearing took place in May 2019, after his area supervisor took Plaintiff's photo with a smartphone without Plaintiff's knowledge. According to Plaintiff, he was charged with "being insubordinate [and] negligent of duty." (*Id*. at PAGEID # 14.) Plaintiff alleges that management's display of an "overly nice demeanor" was part of "their subtle devious plan" and that they acted with "the same pattern of extreme prejudice." (*Id*.) Plaintiff represents that although he "had the facts to dispute the charges," he "opted for early [retirement] because of health reasons." (*Id*.) He adds that he "was finding it increasingly more difficult to work in that hostile work environment." (*Id*.)

4

Plaintiff attaches a Dismissal and Notice of Rights from the United States Equal Employment Opportunity Commission to his Complaint. In terms of relief, Plaintiff seeks both monetary damages and injunctive relief.

**III.**

Although Plaintiff's Complaint lacks clarity, the undersigned construes his Complaint as alleging that he was constructively discharged in violation of Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e, *et seq*. ("Title VII").

The United States Court of Appeals for the Sixth Circuit recently offered the following discussion of the standards employed in assessing a constructive discharge claim under Title VII:

> To demonstrate such a constructive discharge for Title VII purposes, a plaintiff must show that the employer "'[1] deliberately create[d] intolerable working conditions, as perceived by a reasonable person,' and [2] the employer did so 'with the intention of forcing the employee to quit.'" *Logan v. Denny's, Inc.*, 259 F.3d 558, 568–69 (6th Cir. 2001) (alteration in original) (quoting *Moore v. KUKA Welding Sys.*, 171 F.3d 1073, 1080 (6th Cir. 1999)). "[U]nless conditions are beyond 'ordinary' discrimination, a complaining employee is expected to remain on the job while seeking redress." *Pa. State Police v. Suders*, 542 U.S. 129, 147 (2004) (alteration in original) (quoting *Perry v. Harris Chernin, Inc.*, 126 F.3d 1010, 1015 (7th Cir. 1997)).
>
> We evaluate both "the employer's intent and the employee's objective feelings" to determine if there was a constructive discharge. *Logan*, 259 F.3d at 569 (quoting *Moore*, 171 F.3d at 1080). In addition, we consider several nonexclusive factors, such as whether there was a
>
> > (1) demotion; (2) reduction in salary; (3) reduction in job responsibilities; (4) reassignment to menial or degrading work; (5) reassignment to work under a younger supervisor; (6) badgering, harassment, or humiliation by the employer calculated to encourage the employee's resignation; or (7) offers of early retirement or continued employment on terms less favorable than the employee's former status.
>
> *Id*. (quoting *Brown v. Bunge Corp*., 207 F.3d 776, 782 (5th Cir. 2000)).

*Harper v. City of Cleveland*, 781 F. App'x 389, 394 (6th Cir. 2019).

Applying the foregoing authority here, the undersigned concludes that Plaintiff has failed to allege facts from which this Court could "draw the reasonable inference," *Iqbal*, 556 U.S. at 678, that Defendant is liable for constructively discharging him in violation Title VII. First, although Plaintiff personally draws the inference that the charges his supervisors made against him were on account of his "race, age, color, religion [and] health conditions," (Pl.'s Compl., ECF No. 1-4 at PAGEID # 13), he offers no allegations in his Complaint upon which the Court could draw such an inference. *See Sam Han v. Univ. of Dayton*, 541 F. App'x 622, 627 (6th Cir. 2013) (upholding trial court's dismissal of employment discrimination pursuant to Rule 12(b)(6) where the plaintiff had failed to "plausibly show that the . . . adverse employment decision . . . was a result of discrimination based upon his race or his gender," explaining that the "Court is not required to accept the inferences drawn by [the] [p]laintiff"); *See also Keys v. Humana, Inc.*, 684 F.3d 605, 610 (6th Cir. 2012) (the plausibility standard "applies to causation in discrimination claims"). Further, Plaintiff fails to sufficiently allege facts upon which this Court could rely to conclude that his working conditions had become "so intolerable that a reasonable person would have felt compelled to resign," *see Suders*, 542 U.S. at 147, such that the Court cannot conclude that he has plausibly alleged that he was constructively discharged. Notably, Plaintiff himself has offered an alternative reason for his retirement, namely, "health reasons." (Pl.'s Compl., ECF No. 1-4 at PAGEID # 14.)

Because Plaintiff has failed to sufficiently plead a plausible claim for relief, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's Complaint.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE